# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES L. COLVIN** | **CIVIL ACTION NO. 14-1017-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner James L. Colvin ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this court on May 19, 2014.  Petitioner is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.  He challenges his state court conviction and sentence.  He names the Warden of the United States Penitentiary Canaan as respondent.

On April 28, 1983, Petitioner was convicted of one count of armed robbery in Louisiana's First Judicial District Court, Parish of Caddo.  On June 2, 1983, he was sentenced to 80 years imprsonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel at trial, (2) he received ineffective assistance of counsel at sentencing, and (3) he was denied the right to counsel during his post-conviction relief proceedings.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

4. the date "the factual predicate of the claim . . . presented could have been

discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).  However, where a state prisoner's federal <u>habeas</u> petition is based on claims that arose more than one year prior to the AEDPA's enactment, the AEDPA's one year limitation period bars the petition unless it was filed on or before April 24, 1997.  <u>See</u> <u>United States v. Flores</u>, 135 F.3d 1000, 1002 n.7 & 1006 (5th Cir. 1998) (applying the 1-year limitation period of AEDPA to both petitions filed under Sections 2254 and 2255); <u>Flanagan v. Johnson</u>, 154 F.3d 196, 199-201 & n.2 (5th Cir. 1998).  In effect, this gives a petitioner whose conviction became final on or before April 24, 1996 a one-year grace period after the enactment of the April 24, 1996 legislation to file a petition.  Thus, no petition filed before April 24, 1997 will be time-barred under 28 U.S.C. § 2244(d).

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

In this case, Petitioner's conviction and sentence became final in 1985, prior to the enactment of the AEDPA.  Petitioner was convicted on April 28, 1983 and sentenced on

June 2, 1983.   The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on June 6, 1984.  State v. Colvin, (La. App. 2 Cir. 6/06/84), 452 So.2d 1214, rehearing denied, (7/6/84).  The Supreme Court of Louisiana denied writs of review on October 5, 1984.  State v. Colvin, 457 So.2d 1199 (La. 10/05/84).  In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  Therefore, Petitioner's conviction and sentence became final in January 1985.

It does not appear Petitioner filed any state post-conviction relief applications during the one-year period from April 24, 1996 through April 24, 1997.  Thus, Petitioner's one-year period to file for federal habeas relief ended on April 24, 1997.  The federal petition currently before the court was received and filed in this court on May 19, 2014, more than 17 years too late.

In addition, the post-conviction proceedings initiated by Petitioner in 2004 and after do not serve to toll the one-year limitation period, as they were not filed within the one-year period.  See supra footnote 1.  To toll the federal limitation period at all, a petitioner's post-conviction proceedings must be filed within the federal one-year period.  Petitioner did not file this application until October 2004, more than 7 years after the limitation period had

already expired in April 1997.

Petitioner argues that his application for post-conviction relief filed in the trial court on March 27, 1985 and denied by the trial court on October 23, 1985 is still pending because he did not receive a response to his notice of appeal filed on November 6, 1985. A notice of appeal is not required to invoke the supervisory jurisdiction of the court of appeal when the trial court dismisses or denies relief on an application for post-conviction relief. No appeal lies from a judgment dismissing or denying relief on an application for post-conviction relief. La.C.Cr.P. art. 930.6A. Pursuant to Louisiana Court of Appeal Rule 4-3, Petitioner had thirty (30) days after the trial court denied his application for post-conviction relief to request review of the trial court's determination in the Louisiana Second Circuit Court of Appeal. Therefore, Petitioner had until November 1985 to seek supervisory review in the Louisiana Second Circuit Court of Appeal of the denial of his 1985 application for post-conviction relief and he did not do so. Thus, his 1985 application for post-conviction relief is no longer pending.

Petitioner argues that the limitation period should be attributed to his ineffective assistance of counsel claims as provided in Section 2244(d)(1)(C), the date upon which a Constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. In support of this claim he cites Martinez v. Arizona, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012). Martinez, supra and its progeny (see for example, Trevino v. Thaler, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance

of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a habeas petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling.  Compare Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir.2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

Petitioner argues that the federal one-year limitation period should be equitably tolled.  The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate."  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable."  Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted).  Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.  Furthermore,

the Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling, Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir .1999).

Petitioner argues that the federal one year limitation period should be equitably tolled because his attorney's misconduct was so egregious that it created an extraordinary circumstance.  Petitioner claims that he did not learn that his attorney had been disbarred until 2014 because the federal facilities at which he was incarcerated did not have state case law.  However, Plaintiff admits that in April 1983, he knew that his attorney was the subject of disbarment proceedings [Doc. 16, p. 5].

Plaintiff further claims he is entitled to equitable tolling because he suffers from mental health issues including severe depression.  He claims that he has been on medications for extended periods of time for his severe depression.  He claims that his lack of diligence in filing timely appeals and/or petitions was caused by his mental incapacity. In support of his claims, Petitioner provides reports from the Federal Bureau of Prisons Psychology Data System which demonstrate that he was examined and diagnosed with major depressive disorder and anxiety and prescribed medication for his condition from 2008-2010[2] [Doc. 6, pp. 6-22].

The court finds these arguments for equitable tolling do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations.  The fact that Petitioner is proceeding pro se and was unaware of the law in this matter because he was unskilled and because of an inadequate law library are not "rare and exceptional"

_____

[2]Plaintiff claims he has been unable to obtain his prior mental health records from prison officials.

Page 7 of  10

circumstances.  See United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993); Felder v. Johnson, 204 F.3d 168, 172-173 (5th Cir.), cert. denied, 121 S.Ct. 622 (2000); Scott V. Johnson, 227 F.3d 260, (5th Cir 2000).  Furthermore, Petitioner does not claim that he was unaware of the state court time limitations to file an application for post-conviction relief and the federal court time limitations to file a petition for writ of habeas.  Thus, equitable tolling does not apply in this matter and this case is time barred.

Furthermore, Petitioner knew in 1983 that he was not satisfied with the performance of his attorney and that his attorney was the subject of disbarment proceedings. It may seem harsh to deny equitable tolling, when a prisoner can usually file only one federal petition, with such a serious conviction and lengthy sentence at issue. The Fifth Circuit has not hesitated, however, to reverse a district court that applied equitable tolling in a death penalty case, despite the blame for the untimeliness landing squarely at the feet of defense attorneys and circuitous proceedings in the state courts. Manning v. Epps, 688 F.3d 177, (5th Cir. 7/17/12).  The Supreme Court also rejected equitable tolling in a death penalty case where the delay was blamed on mental incapacity of the prisoner and a mistake by his counsel in calculating the filing deadline. Lawrence v. Florida, 127 S.Ct. 1079 (2007). Petitioner has not presented facts nearly so egregious as found in those cases.

Furthermore, Petitioner has failed to demonstrate that he was mentally incapacitated during the one-year period from April 24, 1996 through April 24, 1997.  In fact, Petitioner has demonstrated that while incarcerated, he was examined and treated for his mental health issues and that he was able to file pro se motions and pleadings with the courts.  He

does not allege that mental incapacity prevented him from filing for supervisory writs after the trial court denied his applications for post-conviction relief.  Rather, Petitioner was ignorant of the law regarding the fact that there is no appeal from the trial court's denial of his application for post-conviction relief, rather he should have sought supervisory writs directly in the court of appeal.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  <u>See</u> <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1/6/99).  **IT IS FURTHER RECOMMENDED** that petitioner's motion for summary judgment is **DENIED** [Doc. 16].

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 12th day of December 2014.

Mark L. Hornsby
U.S. Magistrate Judge